SAN MIGUEL, GONZÁLEZ Y VALIENTE Y COMPAÑÍA, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1140. Submitted February 25, 1944.—Decided March 31, 1944.

*E. Martínez Rivera* and *Luis Blanco Lugo* for appellant. The registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

In order to secure the effectiveness of the judgment which might be rendered in an action of debt filed in the District Court of San Juan, appellant obtained an order for an attachment together with an order to the Registrar of Property of Caguas to enter notice "of the attachment of all right, title, interest or share" which defendant Onofre Solano might have in two estates which were described and which are recorded in his name. The registrar refused to enter the notice of attachment in a note which in its pertinent part reads as follows:

". . . since it appears that in levying the attachment on all the right, title, interest, or share which the defendant Onofre Solano might have in the mentioned estates compliance was not had with the provisions of §21 of the Mortgage Law, the nature, extension, conditions, and liens on the attached real property not having been determined, an omission which would render void any recording of the

same which might be made, in accordance with §30 of the Mortgage Law. . ."

The attaching firm has filed this administrative appeal.

The brief submitted by the registrar to sustain his note alleges that "it is based on the doctrine laid down by this Hon. Court in the case of *Jaime Matos Pérez* v. *Registrar,*" 61 P.R.R. 90.

Said case is clearly inapplicable. There we held, ratifying previous cases, that according to §9 of the Mortgage Law "every entry made in the registry shall contain among other things: . . . the nature, extent, conditions and charges of the right upon which the subject of the *record* is constituted. When the *record* does not comply with the aforesaid circumstances, it is void as provided in §30 of the Mortgage Law." (Italics ours.)

In the case at bar we are not dealing with a recording but with the entry of a notice of an attachment on estates already recorded in the registry in the name of defendant Onofre Solano. In the case of *E. Solé & Co., S. en C.* v. *Registrar,* 48 P.R.R. 162, to quote from the syllabus, it was held:

"Where a property is subject to a mortgage *recorded* in favor of a certain person, a notice of attachment of all *right, title, and interest* of that person in said property should be entered against the interest of the said person in the property as mortgagee, that is, against the mortgage credit." (Italics ours.)

The case at bar is even stronger, since the estates have been recorded in the registry in defendant's name, while in the *Solé* case, *supra,* the estate was recorded in the name of another person.

The decision appealed from must be reversed and the entry of notice ordered.